The Court afterwards confirmed the opinion they had expressed on the trial. They observed, that, in the case cited, the question turned on the right of the guardian to prosecute and defend actions, and to transact the business of his ward ; that it would be inconvenient and unjust, if one who had paid his debt to a guardian should be liable to pay the same again to the ward, upon proof that he had previously recovered his reason ; or, if a guardian, when suing for a debt due to his ward, should be required to prove all the facts on which the decree of the judge of probate was founded. That, for these purposes, the decree might be,deemed conclusive without injury to any one, as it would only go to confirm the lawful acts of the guardian during the continuance of his authority ; without which no person could safely deal with the guardian as such. But, in the present case, the question was on the personal ability of the deceased to de-. vise his estate ; an act which the guardian could not do for him. The decree was evidence of his insanity in 1808 ; and, like any other evidence of that fact, would throw the burden of proof on the appel lant, to show that the testator had afterwards recovered his reason. But evidence of insanity in 1808, would not show conclusively, that he was insane in 1811. If a lunatic should be restored to his reason, and become perfectly capable of devising his estate, it would be a cruel and unnecessary addition to his misfortune, to deprive him of. that right, and to set aside his will, because he happened to die before he could apply to the probate court for a reversal of the decree ; or, because those who might be interested in avoiding his will should, by appealing, or other means of delay, prevent the reversal of the decree before his death.

Motion overruled.